## INDUSTRIAL COMMISSION v COLLINS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1170. Decided Jan 31, 1933

Gilbert Bettman, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, Calvin Crawford, Prosecuting Attorney, Dayton, and Gene Bracher, Ass't Pros. Atty., Dayton, for plaintiff in error.

William A. Swaney, Dayton, and Otterbein Creager, Dayton, for defendant in error.

**KUNKLE, J.**

The case has been submitted to us upon the record of the lower court without briefs upon the part of either counsel for plaintiff in error or defendant in error. Counsel have requested the court to read the record and dispose of the case at its earliest convenience.

We have considered the record with care and while we are not advised as to the grounds of error especially relied upon we have considered all the grounds of error stated in the petition in error.

There is no question as to the husband of defendant in error being an employee of the Miami-Oxford Paper Company at the time in question and the record clearly discloses that he received some injury while in the course of his employment on the forenoon of the day in question and in the manner substantially as described in the petition. There is no question but that he quit his work upon the same day and returned to his home where he remained until his death about a week afterward.

The testimony also establishes the fact that the decedent died from pneumonia.

There is a sharp conflict in the testimony, however, as to whether such pneumonia was what is designated by the doctors as traumatic pneumonia or whether the pneumonia from which he died was the result of colds, exposure, etc. Traumatic pneumonia would result from a blow or an injury.

There is testimony in the record showing that the deceased was suffering with a cold on the day in question and had a chill shortly after this mishap with the truck which he was handling.

There is a sharp conflict in the testimony as to whether the pneumonia from which the deceased suffered and died was in any way connected with the accident which occurred to the deceased during the forenoon of January 22. Some 14 months after the burial of the deceased his body was exhumed and a post mortem examination was held. The physician who attended the deceased during his sickness together with a number of expert medical witnesses were called and as above stated, their testimony differed as to the cause of the death of the decedent.

The credibility which should be given these various witnesses was a question peculiarly within the province of the jury. From our consideration of the record we are of opinion that there is ample testimony in the record to supoprt the finding of the jury that the death of the deceased was caused from what should be classed as traumatic pneumonia. At least, we are thoroughly satisfied that the verdict of the jury is not against the manifest weight of the evidence.

There is also ample evidence in the testimony to have warranted a finding by the jury to the contrary had they accepted the testimony of certain of the expert and other witnesses called by plaintiff in error.

We have also considered the five special charges requested by counsel for defendant in error and given by the trial court in advance of the argument of counsel.

We find nothing in these charges which we think constitutes prejudicial error in favor of the plaintiff in error. It will not be necessary to repeat these special charges as counsel are familiar with the same, but upon a consideration of each of these charges, we find nothing therein which we think prejudicial to the plaintiff in error.

The record discloses that an objection was made by counsel for plaintiff in error to the court, in the absence of the jury to a remark made by one of the counsel for defendant in error in his argument to the jury.

The jury was brought in and the court instructed the jury in reference thereto and withdrew from the jury the statement of counsel. The court in its general charge also thoroughly covered that question and from the record we are unable to see how any prejudice occurred from such statement.

The trial court in its general charge fully and, we think, fairly presented in considerable detail all the issues in the case. We have considered all the grounds of error stated in the petition in error and upon such consideration find nothing therein which we consider prejudicial to plaintiff in error. The judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.